# MEMO ENDORSED

See last page.



## HAMRA LAW GROUP, PC.

1 LINDEN PLACE, STE. 207, GREAT NECK, NY 11021
WEB: WWW.HAMRALAWGROUP.COM

ABRAHAM HAMRA, ESQ.                                         T: 646.590.0571
AHAMRA@HAMRALAWGROUP.COM                                    F: 646.619.4012

March 3, 2021

**By ECF**
Hon. Judge Edgardo Ramos
Thurgood Marshall U.S. Courthouse
40 Foley Square, Courtroom 619
New York, NY 10007

      Re: <u>Duka v. Alliance Tri-State Construction, Inc., et al.</u>
          1:20-cv-06648-ER

Dear Judge Edgardo Ramos,

      Hamra Law Group, P.C. represents Alliance Tri-State Construction, Inc; Alliance Tri-State Maintenance Corp. Merima Mesik Duka and Argjent Duka in the above-captioned matter. We write this letter to respectfully request that the parties be permitted to file certain documents under seal and/or redact certain information from the public which contain and directly affects and implicates the personal privacy interests of non-parties. Plaintiff consents to such request.

      Your undersigned apologizes in advance for bringing this letter motion at this juncture; however, your undersigned did not anticipate the highly inflammatory nature of the information that was filed with Plaintiff's Opposition to Defendants' Motion for Terminating Sanctions. As such, this application is currently being made. Additionally, this application is also made in anticipation of Defendants' Reply, which will contain information that is of and concerning the privacy interests of non-parties to this action, in particular, with regard to Mr. Liman Vrlaku.

      Defendants are prepared to file their Reply on March 4, 2021; however, due to having to make the instant letter motion request, respectfully asking the Court to allow Defendants to file their Reply after the determination of this letter motion.

      The documents and information are (1) Plaintiff's Declaration in support of Plaintiff's Opposition to Defendants' Motion for Terminating Sanctions; (2) the Declaration of Liman Vrlaku offered in support of Plaintiff's Opposition to Defendants' Motion for Terminating Sanctions; (3) the Declaration of Razi Imerovski offered in support of Defendants' Reply; (4) the Declaration of Merima Duka offered in support of Defendants' Reply; and (5) the Declaration of Arjgent Duka offered in support of Defendants' Reply.



# HAMRA LAW GROUP, PC.

1 LINDEN PLACE, STE. 207, GREAT NECK, NY 11021
WEB: WWW.HAMRALAWGROUP.COM

ABRAHAM HAMRA, ESQ.                                                              T: 646.590.0571
AHAMRA@HAMRALAWGROUP.COM                                                         F: 646.619.4012

Hon. Judge Edgardo Ramos
March 3, 2021
Re: Duka v. Alliance Tri-State Construction, Inc., et al.
    1:20-cv-06648-ER
Page 2 of 2

      "[T]he privacy interests of innocent third parties as well as those of Defendants that may be harmed by disclosure . . . should weigh heavily in a court's balancing equation in determining what portions of motion papers in question should remain sealed or should be redacted." *New York Times I,* 828 F.2d at 116. Although Defendants understand the presumption in favor of providing the public access to judicial documents, this is precisely the sort of instance where filing documents under seal is appropriate. See, *Under Seal v. Under Seal*, 273, F.Supp. 3d 460, 467-68 (S.D.N.Y. 2017) ("A party may overcome the presumption of access by demonstrating that sealing will further other substantial interests such as a third party's personal privacy interests, the public's safety, or preservation of attorney-client privilege")(citing, *United States v. Aref,* 533 F.3d 72, 83 (2d Cir. 2008); see also, *United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995).

      [I]n balancing the qualified right of public access against privacy interests, the Court must consider "the sensitivity of the information and the subject," "the reliability of the information," and whether "there is a fair opportunity for the subject to respond to any accusations contained therein." —indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice," *United States v. Amodeo,* 71 F.3d 1044, 1048 (2d Cir, 1995).

      We thank the court in advance for its time and attention to this matter.

The request to seal Docs. 33 and 34 is DENIED.  Defendants are directed to file the other three documents under seal when filing their reply.  The Court will then determine whether those documents should remain under seal or be viewable on the public docket.  The Clerk of Court is respectfully directed to terminate the motion.  Doc. 37.

So ordered.

_____
Edgardo Ramos, U.S.D.J
Dated: 3/4/2021
New York, New York

Respectfully Submitted,

_____
Abraham Hamra Esq.