**BROWN KWON & LAM LLP**

Brown Kwon & Lam LLP
Attorneys at Law
521 Fifth Avenue, 17th Floor
New York, NY 10175
Tel.: (212) 295-5828
Fax: (718) 795-1642
Email: info@bkllawyers.com

Writer's Direct: William Brown, Esq.
(212) 295-5825
wbrown@bkllawyers.com

January 27, 2023

**Via ECF**
Hon. Jennifer L. Rochon, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    RE: *Duka v. Alliance Tri-State Construction, Inc., et al.*
      <u>Case No. 20-cv-6648 (JLR)</u>

Dear Judge Rochon:

  This firm represents Plaintiff in the above referenced matter. We write to provide an update regarding the status of this matter pursuant to the Court's directive during the January 13, 2023 conference, and to compel Defendants to produce the final remaining outstanding documents. During the status conference, the parties reported on Defendants' counsel's unintentional omission of thousands of pages of documents from Defendants' production. Specifically, shortly before the conference, Defendants' counsel disclosed that they were in possession of a total of 9,420 pages of documents, while Plaintiff was only aware of 965 pages. Defendants agreed on the record that they would produce the documents forthwith. In light of this, the Court instructed the parties to submit a letter by January 27, 2023 stating whether it would be necessarily to extend the discovery deadline.

  On January 20, 2023, Defendants produced an additional 1,950 pages of documents for a total of 2,915 pages of documents produced. This office reached out to Defendants' counsel to inquire about the 6,505 pages of documents that remained unaccounted for. Mr. Johnson stated in an email that he intended on producing additional documents. Despite multiple follow-up emails, I have been unable to obtain clarity on what documents actually remain outstanding.

  Finally, after a review of the additional documents that were produced, the job reports that were referenced during Defendant Argjent Duka's deposition, and requested in Plaintiff's First Supplemental Production of Documents, have still not been produced. Specifically, the First Supplemental Request for Documents called for, "all job reports created by Alliance during the period from January 1, 2015 through December 31, 2018. A copy of the relevant portions of Mr. Duka's deposition in which the job reports were referenced is annexed hereto.

  Therefore, Plaintiff respectfully requests that the Court compel Defendants to produce any remaining documents in Defendants' possession and for Defendants to produce the job reports, or

to provide an affidavit providing the circumstances for why they are no longer available for production.  Plaintiff further requests that the Court extend the discovery deadline to allow for the production of the remaining documents.  We do not anticipate a need for additional depositions as a result of Defendants' recent document production.

      We thank the Court for its time and consideration.

                                        Respectfully submitted,

                                        */s/ William Brown*

                                        William Brown, Esq.
                                        wbrown@bkllawyers.com

cc:    all parties via ECF

Request **GRANTED** in part.  Plaintiff seeks to compel Defendants to produce any remaining documents in Defendants' possession and job reports referenced during Defendant Duka's deposition and requested in Plaintiff's First Supplemental Production of Documents, or to provide an affidavit stating the circumstances for why the documents are not available for production.  Plaintiff describes email correspondence between the parties, but does not represent that the parties met and conferred regarding Plaintiff's request to compel prior to filing its letter.  Defendants filed a response letter on January 30, 2023 (Defendants' letter was incorrectly dated January 12, 2023).  *See* ECF No. 59.  Defendants indicate that they are still undertaking a document review and will "sort out" such discovery issues by "the end of the week."  *Id*.  Defendants request a short extension of time to produce discovery and, if there are any documents that are unavailable, to submit an affidavit stating the reasons why.

Accordingly, **IT IS HEREBY ORDERED** that Defendants shall comply with their discovery obligations and produce any outstanding documents, including any discoverable job reports, by **February 15, 2023**.  If any such documents are no longer available for production, Defendants shall provide an affidavit providing the circumstances for their unavailability.  The parties shall file a joint letter on the status of discovery and next steps by **February 27, 2023**.  If either party seeks to raise a discovery dispute in that letter or before, the parties shall first meet and confer pursuant to the Court's Individual Rule 2.E. and so-state in their letter.

Dated:  February 1, 2023
           New York, New York

SO ORDERED

JENNIFER L. ROCHON
United States District Judge