**BROWN KWON & LAM LLP**

Brown Kwon & Lam LLP
Attorneys at Law
521 Fifth Avenue, 17th Floor
New York, NY 10175
Tel.: (212)295-5828
Fax: (718) 795-1642
Email: info@bkllawyers.com

September 27, 2023

**Via ECF**
Hon. Edgardo Ramos, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      RE:    *Rilind Duka v. Alliance Tri-State Construction, Inc., et al.*
               Case No. 20-cv-6648 (JLC)

Dear Judge Cott:

      This firm represents Plaintiff Rilind Duka in the above-referenced matter. We write to respectfully request judicial approval of the parties' settlement agreement, attached hereto as **Exhibit 1** (the "Agreement"), pursuant to *Cheeks v. Freeport Pancake House*, 796 F. 3d 199 (2d Cir. 2015). The Agreement resolves Plaintiff's claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") for the total amount of $450,000.00. As part of this motion, Plaintiff's counsel requests $151,898.51, which includes (i) $2,847.88 for the reimbursement of costs and (ii) attorneys' fees of $149,050.71 (i.e., one-third of the total settlement amount after costs). For the reasons outlined below, the Court should approve this $450,000.00 settlement as a fair and reasonable compromise of Plaintiff's claims against Defendants.

**BACKGROUND**

      On November 2, 2020, Plaintiff filed a First Amended Complaint ("FAC") alleging that Defendants (i) failed to pay Plaintiff the lawful minimum wage, (ii) failed to pay overtime premiums, (iii) improperly deducted Plaintiff's wages, (iv) failed to pay spread of hours premiums, (v) failed to timely pay wages and (vi) failed to provide proper wage notice and wage statements, in violation of the FLSA and/or NYLL. The FAC further alleges that Plaintiff is entitled to damages as a third-party beneficiary of various public works agreements for Defendants' failure to pay Plaintiff prevailing wages and supplements for work performed on public work sites. See FAC (ECF Dkt. No. 14).

      This case was commenced on August 19, 2020. After nearly three years of litigation involving extensive discovery and multiple rounds of motion practice, a jury trial had been scheduled to take place starting on August 22, 2023. As part of a final effort to attempt resolution, on August 7, 2023, Judge Rochon referred the case for a settlement conference before this Court. The settlement conference took place on August 14, 2023, during which an agreement was reached. Thereafter, a formal settlement agreement was negotiated and executed by all parties on September 26, 2023. See **Exhibit 1**.

## THE SETTLEMENT IS FAIR AND REASONABLE

Pursuant to *Cheeks*, "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court." *Cheeks*, 796 F.3d at 206; *see also Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). "Generally, there is a strong presumption in favor of finding a settlement fair, as the court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzcha v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013). "Because *Cheeks* itself did not define the contours of the approval analysis or protocols it envisioned, most district courts within our Circuit turn to the multi-factor test set out in *Wolinsky* to evaluate whether an FLSA wage and hour settlement is fair and reasonable." *Cabrera v. CBS Corp.*, No. 17 Civ. 6011, 2019 US Dist LEXIS 20963, at *13 (S.D.N.Y. Feb. 8, 2019) (internal quotation marks omitted).

Accordingly, in determining whether a proposed FLSA settlement is fair and reasonable, courts consider the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion. *See Wolinsky*, 900 F. Supp. 2d at 335. Based on these factors, the proposed settlement should be approved as fair and reasonable.

### A. Plaintiff's Range of Possible Recovery

The first factor weighs in favor of approval. Based on estimated damages calculations, Plaintiff's range of possible recovery is between $0 and $1,148,277.30. In a best-case scenario, assuming that all of the disputed facts alleged by Plaintiff are entirely correct and that Plaintiff would prevail on all claims, Plaintiff's calculation of damages amounts to $1,148,277.30, representing $33,689.40 in unpaid minimum wages and overtime, $1,018.75 in unpaid spread of hours, $34,708.15 in liquidated damages, $448,355.75 in liquidated damages for late payments, $10,000 for improper wage deductions, $610,505.25 for failure to pay prevailing wages and supplements, and $10,000.00 in statutory penalties. See **Exhibit 2** for Plaintiff's assumptions and calculation of damages. The $450,000 settlement amount to Plaintiff therefore provides a recovery of approximately 39% of Plaintiff's best-case, owed wages, including liquidated damages and penalties. Particularly in light of the litigation risks discussed below, this settlement recovery is a fair and reasonable result.

### B. Litigation Costs and Risks

The second and third factors also favor approval. If the parties were to continue litigation, the case would proceed to trial. After trial, there is a high probability that an appeal will follow. As such, further litigation would require significant time and expense. In addition, both sides face serious litigation risks relating to damages and liability.

Defendants maintain that Plaintiff did not perform any work which would entitle him to prevailing wages. Plaintiff produced photos and videos of him working on the job site, however, Defendants contend that any such work was unauthorized and was essentially a photo-op. If a jury were to find that Plaintiff was not entitled to prevailing wages that would further significantly reduce Plaintiff's late payments damages. Defendants also dispute the number of hours Plaintiff

claims that he worked. In support of this, Defendants produced schedules which they claim indicate that Plaintiff worked far fewer hours than what is alleged in the complaint. Plaintiff would additionally need to prove at trial that he was subject to improper wage deductions. Furthermore, Defendants' argument that they acted in good faith at all times, if successful, would preclude Plaintiff from recovering any liquidated damages.

Accordingly, Plaintiff believes it to be in his best interest to receive an expedient settlement payment rather than escalate the costs, burdens, and risks of trial. Plaintiff believes that the settlement amount is a fair result, accounting for a significant percentage of the alleged damages owed, while eliminating the burdens and risks of trial.

### C. Arm's-Length Bargaining and Lack of Fraud or Collusion

The fourth and fifth factors also weigh in favor of approval. Plaintiff's counsel and Defendants' counsel have negotiated at arm's length over the course of the three years this matter was litigated. This matter was eventually settled with this assistant of the Court during a settlement conference. In addition, both parties' counsel have significant experience handling wage and hour claims. Moreover, the settlement is the product of arm's-length bargaining as the settlement amount represents a significant percentage of Plaintiff's potential recovery – 39% of his estimated damages, including liquidated damages and penalties, under the best-case scenario.

Further, the red-flag issues identified in *Cheeks* are not present here. The Agreement does *not* contain an overly broad general release, a confidentiality provision, or a non-disparagement clause. See **Exhibit 1**. Moreover, as will be discussed below, Plaintiff's counsel's requested attorneys' fees are not excessive as they seek one-third of the settlement, which is frequently approved in FLSA cases.

Based on the foregoing, there is no evidence of fraud or collusion. Therefore, Plaintiff respectfully requests that the Court find that the Agreement is a "fair and reasonable" compromise of her FLSA claims against Defendants and approve the settlement.

### THE REQUESTED ATTORNEYS' FEES AND COSTS ARE REASONABLE

Plaintiff further seeks approval of attorneys' fees and costs. The Agreement provides that Plaintiff's counsel will recover $151,898.51, equaling (i) $2,847.88 in costs and (ii) $149,050.71 in attorneys' fees, which is one-third (1/3) of the $450,000.00 settlement amount after deduction of the $2,847.88 in costs. See **Exhibit 1**, Section 1.c. The amount requested for attorneys' fees is fair and reasonable as it the fee agreed upon by Plaintiff in his retainer agreement (one-third), and a contingency fee of one-third is generally sufficient to account for the risks associated with representation.

Plaintiff's counsel has worked without any compensation to date, and Plaintiff's counsel's fees have been wholly contingent upon the result achieved. As of the date of this filing, Plaintiff's counsel has spent approximately 268 hours investigating, researching, and litigating Plaintiff's claims; and negotiating and executing the settlement, for a lodestar of $120,600.00. See **Exhibit 3** for Plaintiff's counsel's contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done, and an itemization of costs. *See Wolinsky*, 900 F. Supp. at 336.

Plaintiff's counsel's request for attorneys' fees in the amount of one-third of the settlement amount is fair and reasonable. "[C]ourts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases." *Meza v. 317 Amsterdam Corp.*, No. 14 Civ. 9007, 2015 U.S. Dist. LEXIS 166890, at *5 (S.D.N.Y. Dec. 14, 2015); *see also Ramirez v. Greenside Corp.*, No. 16 Civ. 726, 2017 U.S. Dist. LEXIS 30527, at *9 (S.D.N.Y. Mar. 3, 2017) (stating "contingency fees of one-third in FLSA cases are routinely approved in this Circuit"); *Leon v. Univ. 45 Fruit & Vegetable Corp.*, No. 19 Civ. 8266, 2020 U.S. Dist. LEXIS 48716, at *5 (S.D.N.Y. Mar. 20, 2020) (finding the amount of the fee award reasonable where "the attorneys' fees amount is approximately 33% of the [ ] settlement amount after costs").

Lastly, Plaintiff's counsel expended $2,847.88 on the ECF filing fee, for service of process, purchase of materials for trial, and for depositions. See. **Exhibit 4**. These costs commonly reimbursed by courts in this District. See e.g., Chamoro v. 293 3rd Cafe Inc., No. 16 Civ. 339, 2016 U.S. Dist. LEXIS 136101, at *9-10 (S.D.N.Y. Sep. 30, 2016) (holding that court filing fees, service of process, costs of mailing, legal research, and other litigation costs are generally recoverable). As such, Plaintiff's counsel's attorneys' fees and costs are fair and reasonable and should be approved by the Court.

*   *   *

For the foregoing reasons, Plaintiff respectfully requests that the Court approve the attached settlement agreement. We thank the Court for its time and consideration.

Respectfully submitted,

*/s/ William Brown*

William Brown, Esq.
wbrown@bkllawyers.com

cc:   all parties via ECF

4